**Harry Anthony WARD, Petitioner–Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent–Appellee.**

No. 06–55642.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2008.

Filed April 23, 2008.

Marilee Marshall, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Jaime L. Fuster, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural history of the case are known to the parties, and we do not repeat them here. Harry Anthony Ward presents two certified issues and one uncertified issue in his appeal of the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

I. *Certified Issue: Whether the Use of Physical Restraints at Trial Violated Petitioner's Right to Due Process*

The use of physical restraints on a criminal defendant during trial is an "inherently prejudicial practice" that "should be permitted only where justified by an essential state interest specific to each trial." *Holbrook v. Flynn,* 475 U.S. 560, 568–69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986). As the California Court of Appeal found, no essential state interest justified the use of a "stealth belt" to restrain Ward where he had no history of violence or disruptive behavior while in custody, he had previously been tried unrestrained before the same court without incident, and he had not made any threat to disrupt court proceedings. We agree with the Court of Appeal that use of the stealth belt violated Ward's right to due process.

On federal habeas review, an unjustified decision to restrain a defendant at trial is subject to the harmless error analysis of *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). *See Williams v. Woodford,* 384 F.3d 567, 591–93 (9th Cir.2004). The California Court of Appeal concluded that the erroneous use of physical restraints during Ward's trial was "unequivocally harmless" because those restraints were not visible to the jury. *See id.* at 592–93. The state court proceeding did not "result[ ] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "in a decision

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Ward is not entitled to habeas relief.

II. *Certified Issue: Whether Petitioner is Entitled to an Evidentiary Hearing on Issue I*

In general, a habeas petitioner is not entitled to an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). The record does not support Ward's contentions that: (1) the jury could have inferred that Ward was restrained even though the stealth belt was not visible; or (2) the use of physical restraints impaired Ward's mental faculties, his ability to communicate with counsel and his ability to participate in his defense. Ward does not assert "a factual predicate that could not have been previously discovered through the exercise of due diligence" or that "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* Ward is not entitled to an evidentiary hearing.

III. *Uncertified Issue: Whether an Alleged Relationship Between a Juror and a Prosecution Witness Deprived Petitioner of an Impartial Jury*

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 9th Cir. R. 22–1(e). Ward's vague allegations that an unnamed juror was an acquaintance of a prosecution witness are insufficient to establish a "substantial showing of the denial of a constitutional right." We decline to address the uncertified issue. Ward is not entitled to an evidentiary hearing to develop insubstan-

tial factual allegations. *See Schriro v. Landrigan,* —— U.S. ——, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).

We **AFFIRM** the district court's denial of Ward's petition for a writ of habeas corpus.

